EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., | ) **MOTION TO PROCEED UNDER A** |
| | ) **PSEUDONYM** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CALIFORNIA DEPARTMENT OF | ) |
| CORRECTIONS AND REHABILITATION; | ) |
| LORENZO LEE, in his individual capacity; | ) |
| [FIRST NAME UNKNOWN] CRONE, in her | ) |
| individual capacity; ST. JOHN'S PROGRAM | ) |
| FOR REAL CHANGE; DOES 1 through 20. | ) |
| | ) |
| Defendants. | ) |

## I.    INTRODUCTION

On December 16, 2025, Plaintiff filed her complaint in this case, in which she referred to herself as J.C. (ECF No. 1.)  As detailed in the complaint, this case centers on Plaintiff's sexual abuse while in the custody of California Department of Corrections and Rehabilitation and a resident of the Female Correctional Reentry Program ("FCRP") at St. John's Program for Real Change in Sacramento. Defendant Lorenzo Lee, Correctional Officer and Parole Agent of CDCR, and Defendant [First Name Unknown] Crone, Correctional Counselor III, abused or allowed the abuse of Plaintiff while she was in the custody of CDCR.

*J.C. v. CDCR, et al.*
Motion to Proceed Under a Pseudonym - 1

For the reasons set out below, Plaintiff requests that the Court allow her to proceed in this case anonymously. Plaintiff will make her identity clear to all the Defendants in this case, should they not already know it themselves.

## II.   ARGUMENT

Parties are generally allowed to proceed anonymously in special circumstances, such as when "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment . . . ." *United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1980); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy"). In deciding whether to allow a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* This balancing test generally allows plaintiffs to use pseudonyms in three situations: (1) when "identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" and (3) when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* For example, pseudonym protection has been afforded to exotic dancer plaintiffs because the suit would "involve details about them of a highly sensitive and personal nature." *Roes 1-2 v. SFBSC Mgmt., L.L.C.*, 77 F. Supp. 3d 990 (N.D. Cal. 2015). In that case, pseudonym protection was granted even though the "sensitive and personal" information was related to a voluntary undertaking that involved revealing such information (exotic dancing).

Here, allowing Plaintiff to proceed anonymously is especially appropriate because she is vulnerable to retaliation from those who might identify or sympathize with the Defendants. Furthermore, if her identity is revealed, she and her loved ones will face further humiliation and potential retaliation and/or psychological and physical harm, not as a consequence of a voluntary choice on her part, but as a result of her being a victim of abuse. In addition, if Plaintiff's true name is publicly revealed in these proceedings it could impair her ability to re-integrate into society.

*J.C. v. CDCR, et al.*
Motion to Proceed Under a Pseudonym - 2

Furthermore, in other civil cases filed in this Circuit related to the recent sexual abuse at FCI Dublin, the Northern District of California has authorized Plaintiffs to proceed anonymously, using their initials. *See, e.g., M.R. v. Fed. Corr. Inst. "FCI" Dublin,* No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022). On the other side of the balance here, there is no legitimate public interest in knowing Plaintiff's identity. Any public interest involved is in knowing the name of the perpetrators of wrongdoing, and the steps taken to hold them accountable and to ensure that similar transgressions do not occur in the future. Those interests are not impeded by allowing Plaintiff to proceed anonymously. *See, e.g., Does I thru XXIII*, 214 F.3d at 1073 n.5 ("[f]or instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*"). The only other potential interest involved is that of the Defendants. In that regard, Plaintiff does not anticipate that the Defendants will oppose her proceeding anonymously, but she does not oppose their being heard in that regard when they make an appearance in the case. *M.R.*, 2022 WL 5225881, at *2 (stating, "[a]s defendants have not yet appeared in this action, defendants may later file a motion to compel disclosure of plaintiff's true name if they can make a good faith showing of prejudice").

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed in this case as indicated, by using her initials J.C.

Dated: December 17, 2025          SIEGEL, YEE, BRUNNER & MEHTA

By:_____
        EmilyRose Johns

*J.C. v. CDCR, et al.*
Motion to Proceed Under a Pseudonym - 3