UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.C.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:25-cv-03626 WBS SCR<br><br>MEMORANDUM AND ORDER RE: DEFENDANT JESSICA CARONE'S MOTION TO DISMISS |

----oo0oo----

Defendant Jessica Carone moves to dismiss plaintiff J.C.'s Eighth Amendment, Tom Bane Act, federal Trafficking Victims Protection Reauthorization Act, and California Trafficking Victims Protection Act claims against her. (Mot. to Dismiss ("Mot.") (Docket No. 30).) Defendant argues that plaintiff has failed to state a claim upon which relief can be granted.[1] (Id.)

[1] Plaintiff concedes that the Eleventh Amendment prohibits her official-capacity claims. (Opp'n at 6 n.1 (Docket

I. Legal Standard

To avoid dismissal, a complaint must state a facially plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court must accept well-pleaded factual allegations as true and construe them in the nonmovant's favor, but need not accept legal conclusions or unwarranted inferences. See id. A court must also consider an "obvious alternative explanation" for a defendants' actions. Eclectic Props. E. LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 682). If a defendant offers a plausible alternative explanation that is "so convincing that plaintiff's explanation is implausible," then dismissal is proper. Id. (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

I. Factual Allegations

Lorenzo Lee, a parole agent, started showing a personal interest in plaintiff while she was participating in St. John's Female Community Reentry Program. (First Am. Compl. ("Compl.") ¶¶ 21-27 (Docket No. 26).) He "began seeking her out for personal conversations and a private audience," ate lunch with her, and walked the facility's track with her. (Id. ¶¶ 21-22.) This behavior was visible to the facility's staff. (Id. ¶ 23.)

After several weeks of this outsized attention, Lee started engaging in sexual conduct with plaintiff in his office. (Id. ¶ 28-42.) Security cameras permitted facility staff to observe plaintiff entering and leaving Lee's office. (Id. ¶ 43.) On one occasion, Carone -- Lee's boss -- knocked on Lee's office

---

No. 35).) She also concedes that her California TVPA claim is defective. (Id.) Accordingly, these claims will be dismissed.

door while Lee and plaintiff were having sex. (Id. ¶¶ 9, 88-90.) Lee leapt up, dressed himself, and slipped out the door while "visibly sweaty." (Id. ¶ 91.) Plaintiff snuck out the back door. (Id. ¶ 92.)

Later that afternoon, Carone met with plaintiff in her office and "indicated that she believed something unpermitted to be going on between" plaintiff and Lee. (Id. ¶ 93.) Plaintiff told Carone nothing was going on. (Id. ¶ 94.) The next day, Carone asked again, and plaintiff repeated her lie. (Id. ¶ 95.) Carone did not report or investigate the matter any further. (Id. ¶ 96) Soon after, Carone transferred to another facility. (Id.)

II. Plaintiff's Eighth Amendment Claim

An Eighth Amendment failure-to-intervene claim must allege that a prison official knowingly disregarded a substantial risk of serious harm to the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 828 (1994). A plaintiff must allege that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official also drew that inference. Id. at 837. Circumstantial factual allegations can support subjective awareness. See Wilk v. Neven, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing Farmer, 511 U.S. at 842).

Here, defendant argues that plaintiff's factual allegations do not show that defendant was aware that Lee and plaintiff were having sex or that defendant inferred that Lee was sexually abusing plaintiff. (Mot. at 11.)

However, construing the factual allegations in the

plaintiff's favor, it is plausible that Carone knew that there was a substantial risk that Lee was sexually abusing plaintiff. Given that Lee frequently interacted with plaintiff in the facility's common areas, Carone plausibly could have noticed his disproportionate attention toward plaintiff. It is also plausible that Carone was aware that the security camera had captured plaintiff's entry and exit into Lee's office. That awareness would explain why -- on the same day -- she knocked on Lee's office door while plaintiff was inside <u>and</u> called plaintiff into her office to ask about plaintiff and Lee. Carone also could have noticed that Lee was sweaty, inferred that sexual activity had caused his perspiration, and that therefore Lee had been having sex with plaintiff in his office. Carone's statement that she knew "something unpermitted" had been "going on" and her demand for an explanation also plausibly indicate that she understood plaintiff and Lee's close association created a substantial risk that Lee was sexually abusing plaintiff.

Defendant offers an alternate explanation: she initially suspected "something unpermitted" between Lee and plaintiff, but plaintiff's denials dissuaded her from inferring that Lee was sexually abusing plaintiff. (Reply at 6 (Docket No. 37.) That explanation is plausible, and may even be more plausible than plaintiff's version. The fact that Carone repeatedly invited plaintiff to tell her privately whether anything was going on between her and Lee does suggest that Carone was attempting to help plaintiff rather than condone any improper activity. But the fact that Carone's version is plausible does not make plaintiff's explanation implausible. At

the pleading stage of this case, on a motion to dismiss, the court cannot draw such an inference against the plaintiff.

In addition, defendant's renewed inquiry supports a reasonable inference that her suspicions withstood plaintiff's first denial. (See Compl. ¶ 93-95.) Even if plaintiff's second denial dispelled those suspicions, the allegations plausibly support the inference that Carone was aware of a substantial risk of sexual abuse between the two inquiries and failed to take reasonable measures to protect plaintiff during that interval. See Farmer, 511 U.S. at 843 n.8 (noting that an official "would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist"); id. at 844-45 (discussing reasonable response to risk). Accordingly, plaintiff's factual allegations sufficiently support her failure-to-intervene claim.

III. Plaintiff's Tom Bane Act Claim

A Tom Bane Act claim must allege that the defendant interfered or attempted to interfere with the plaintiff's rights "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1; Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1041, 1045 (9th Cir. 2018).

Here, plaintiff does not allege that defendant directly threatened, intimidated, or coerced her. Instead, she argues that defendant's deliberate indifference was threatening, intimidating, or coercive. In support, she cites cases from other judges in this district allowing Tom Bane Act claims for deliberate indifference to a prisoner's medical needs if the

defendant's acts were inherently coercive or threatening. Flores v. Cnty. of Fresno, No. 1:19-cv-01477 DAD BAM, 2021 WL 3287715, at *8 (E.D. Cal. Aug. 2, 2021) (Drozd, J.); Lapachet v. Cal. Forensic Med. Grp., Inc., 313 F. Supp. 3d 1183, 1195 (E.D. Cal. 2018) (Drozd, J.); Page v. Cnty. of Madera, No. 1:17-CV-00849 DAD EPG, 2017 WL 5998227, at *4 (E.D. Cal. Dec. 4, 2017) (Drozd, J.); Atayde v. Napa State Hosp., No. 1:16-cv-00398 DAD SAB, 2016 WL 4943959, at *8 (E.D. Cal. Sept. 16, 2016) (Drozd, J.); Ahn v. GEO Grp., Inc., No. 1:22-cv-00586 CDB, 2024 WL 1257260, at *7 (E.D. Cal. Mar. 25, 2024) (Baker, M.J.). But see Malott v. Placer Cnty., No. 2:14-cv-1040 KJM EFB, 2014 WL 6469125, at *6 (E.D. Cal. Nov. 17, 2014) (Mueller, J.).

At this stage, it is plausible that the alleged deliberate indifference to plaintiff's sexual abuse could have satisfied the legal definition of threat, intimidation, or coercion, much as deliberate indifference to a prisoner's serious medical needs can. The court declines to draw the contrary inference in defendant's favor at this stage of the proceeding. The allegations support a reasonable inference that defendant knowingly left plaintiff exposed to ongoing abuse. Accordingly, the Tom Bane Act claim survives.

IV. Plaintiff's Federal TVPRA Beneficiary Claim

A TVPRA beneficiary claim must allege that the defendant "knowingly benefit[ed] . . . financially or by receiving anything of value" from participation in a sex trafficking venture of which the plaintiff was a victim. 18 U.S.C. § 1595(a). Participation requires "tak[ing] part" in the venture. Ratha v. Rubicon Res., LLC, 168 F.4th 541, 560 (9th

Cir. 2026) (citing Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 724–25 (11th Cir. 2021)); see also G.G. v. Salesforce.com, Inc., 76 F.4th 544, 563–64 (7th Cir. 2023) (quoting Twitter, Inc. v. Taamneh, 598 U.S. 471, 500 (2023)) (holding participation under § 1595(a) requires more than "'mere passive nonfeasance' or an 'arm's length, passive, and largely indifferent' relationship").

Plaintiff claims that Lee's conduct constituted sex trafficking and defendant benefited by transferring to another facility. (Opp'n at 14.) For purposes of deciding this pending motion, the court assumes that Lee's alleged conduct meets the statute's definition of sex trafficking. Nonetheless, plaintiff's claim is deficient as to both "benefit" and participation."

A benefit under the TVPRA may be an opportunity for career advancement. See Acevedo v. eXp Realty, LLC, 713 F. Supp. 3d 740, 772 (C.D. Cal. 2024). Even assuming defendant's transfer was such a benefit, however, the complaint does not plausibly allege that she received it or sought to receive it as a benefit "from participation in" Lee's alleged sex-trafficking venture. 18 U.S.C. § 1595(a). No factual allegations connect the transfer to any participation by defendant in Lee's conduct or otherwise suggest that the transfer resulted from such participation. Inferring that connection would therefore require pure speculation.

The complaint also does not plausibly allege that defendant participated in Lee's alleged venture. At most, defendant knew Lee was sexually abusing plaintiff. But knowledge is not "taking part." The complaint does not allege that

defendant assisted, facilitated, or otherwise involved herself with Lee's conduct. Instead, it is alleged that she removed herself from the situation by transferring to another facility. In other words, all of Carone's conduct about which plaintiff complains took place after Lee's conduct was completed. Self-extrication after the fact is the opposite of participation.

Plaintiff therefore has not adequately alleged either that Carone participated in Lee's alleged venture or that she received a benefit from such participation. The TVPRA beneficiary claim will accordingly be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 30) be, and the same hereby is, GRANTED IN PART as to plaintiff's California Trafficking Victims Protection Act claim and federal Trafficking Victims Protection Reauthorization Act claim.

IT IS FURTHER ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED IN PART as to plaintiff's Eighth Amendment failure-to-intervene claim and Tom Bane Act claim.

Plaintiff has twenty days from this Order's filing date to file a Second Amended Complaint if she can do so consistent with this Order.

Dated: September 29, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE